IN THE SUPREME COURT OF THE STATE OF DELAWARE

JOSE J. RIVERA, §
§
Defendant Below, § No. 221, 2016
Appellant, §
§
§ Court Below—Superior Court
v. § of the State of Delaware
§
STATE OF DELAWARE, §
§ Cr. ID Nos. 1501010204 and
Plaintiff Below, § 1501004702
Appellee. §
§

Submitted: June 23, 2016
Decided: August 29, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

## O R D E R

This 29th day of August 2016, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Jose J. Rivera, filed this appeal from the Superior Court's denial of his motion for correction of illegal sentence. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Rivera's opening brief that his appeal is without merit. We agree and affirm.

(2) In November 2015, Rivera resolved two cases by pleading guilty to Strangulation, Noncompliance with Bond Conditions, and Assault in the Third

Degree. The plea agreement reflected that the State would file a motion to declare Rivera a habitual offender under 11 *Del. C.* § 4214(a). The Superior Court declared Rivera a habitual offender and sentenced him as follows: (i) for Strangulation, as a habitual offender under 11 *Del. C.* § 4214(a), twenty years of Level V incarceration; (ii) for Non-Compliance with Bond Conditions, five years of Level V incarceration, suspended after one year for decreasing levels of supervision; and (iii) Assault in the Third Degree, one year of Level V incarceration, suspended for one year of Level III probation.

(3) On April 4, 2016, Rivera filed a motion for correction of illegal sentence. Rivera argued that his twenty-year sentence for Strangulation constituted cruel and unusual punished under the Eighth Amendment of the United States Constitution. The Superior Court denied the motion, finding that the sentence was appropriate for all the reasons stated at sentencing. This appeal followed.

(4) We review the Superior Court's denial of a motion for correction of sentence for abuse of discretion, although questions of law are reviewed *de novo*.[1] In his opening brief, Rivera argues that his sentence violates the Eighth Amendment prohibition against cruel and unusual punishment because the sentence exceeds the sentencing guidelines, the sentence for Strangulation is

---

[1] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).

greater than the statutory maximum for that crime, and the sentence is disproportionate to the crimes committed. We find no merit to Rivera's appeal.

(5) As to Rivera's claim that his sentence exceeds the guidelines in the Delaware Sentencing Accountability Commission Benchbook ("SENTAC Guidelines"), "a defendant has no legal or constitutional right to appeal a statutorily authorized sentence simply because it does not conform" to the SENTAC Guidelines.[2] As to Rivera's claim that his twenty year sentence for Strangulation exceeds the five year statutory maximum for that crime,[3] Rivera ignores that he was sentenced for Strangulation under the habitual offender statute, 11 *Del. C.* § 4214(a), which authorized a sentence of up to life imprisonment. This Court has upheld the constitutionality of the habitual offender statute.[4]

(6) Rivera argues that his predicate convictions were more than thirty years old,[5] but does not dispute that he had the requisite number of qualifying convictions to support the State's motion for habitual offender status under Section 4214(a). Finally, Rivera has not offered anything to suggest that his sentence was

---

[2] *Mayes v. State*, 604 A.2d 839, 845 (Del. 1992).
[3] Strangulation under 11 *Del. C.* 607(a)(1) is a Class E felony with a maximum sentence of five years of Level V incarceration. 11 *Del. C.*§ 607(a)(2); 11 *Del. C.*§ 4205(b)(5).
[4] *See, e.g., Johnson v. State*, 2008 WL 5191835, at *1 (Del. Dec. 11, 2008) (rejecting claim that habitual offender statute was unconstitutional because it did not require submission of predicate felony convictions to jury); *Williams v. State*, 539 A.2d 164, 180 (Del. 1988) (holding defendant's life sentence under Section 4214(b) for Burglary in the Second Degree was not unconstitutionally disproportionate in violation of Eighth Amendment).
[5] The convictions in the habitual offender motion range from the mid-1980s to the late 2000s.

grossly disproportionate to the crimes he committed.[6]  The sentencing order listed

prior violent criminal activity, lack of amenability, need for correctional treatment,

and undue depreciation of offense as aggravating factors.  We conclude that the

Superior Court did not err in denying Rivera's motion for correction of sentence.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is

GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice

---

[6] *Crosby v. State*, 824 A.2d 894, 908 (Del. 2003).